## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DARRION PACK, | ) |
| | ) |
|     Plaintiff, | ) |
| v. | )     Case No. CIV-23-1139-G |
| | ) |
| JEREMIAH JIM et al., | ) |
| | ) |
|     Defendants. | ) |

## REPORT AND RECOMMENDATION

Darrion Pack (Plaintiff), a pro se probationer with a five-year suspended sentence in Pawnee County, Oklahoma Case No. CF-2023-3,[1] brings this action under 42 U.S.C. § 1983 alleging violations of her civil rights while an inmate at the Pawnee County Jail. *See* Doc. 1.[2] Plaintiff names as Defendants the Pawnee County Sheriff, the jail administrator, and a jailer. *Id*. at 4, 6.

United States District Judge Charles Goodwin has referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). *See* Doc. 4. After screening Plaintiff's complaint, the

---

[1]    The Court takes judicial notice of the docket sheet from Plaintiff's criminal case and her Oklahoma Department of Corrections' profile. *See* https://www.oscn.net/dockets/GetCaseInformation.aspx?db=pawnee&number =cf-2023-3; https://okoffender.doc.ok.gov/ (last visited Dec. 15, 2023).

[2]    Citations to a court document are to its electronic case filing designation and pagination. Except for capitalizations, quotations are verbatim unless indicated.

undersigned recommends the transfer of this action to the United States District Court for the Northern District of Oklahoma.

## I.   Plaintiff's claims.

Plaintiff complains that Defendant Jeremiah Jim, a Pawnee County jailer, violated her rights while she was an inmate in the Pawnee County Jail by coercing her into having "penis, vagina sex" with him "in order to bring in tobacco, ecigs, [and] drugs during January-February 2023." Doc. 1, at 7, 10-12. She asserts that Defendant Jessica Kelly, the jail administrator is Defendant Jim's sister-in-law and that she negligently hired Defendant Jim. *Id*. at 10, 12. She also asserts Defendant Darrin Varnell, the Pawnee County Sheriff, is "in charge" of the jail and knew Defendants Jim and Kelly were "family." *Id*. at 10, 12. She seeks punitive damages, a "pay off" of her "Pawnee fines," and attorney fees. *Id*. at 7-8, 13.

## II.   Screening.

Federal law requires the Court to screen complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any frivolous or malicious claim, any claim asking for monetary relief from a

defendant who is immune from such relief, or any claim on which the Court cannot grant relief. *Id.* § 1915A(b).

One aspect of screening is reviewing whether venue is proper "when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (quoting *Fratus v. DeLand*, 49 F.3d 673, 674 (10th Cir. 1995)). "[T]he court acting on its own motion, may raise the issue of whether a change of venue would be in the interest of justice." *Love's Travel Stops & Country Stores, Inc. v. Oakview Constr., Inc.*, No. CIV-10-235-D, 2010 WL 4811450, at *6 (W.D. Okla. Nov. 19, 2010); *see also Trujillo*, 465 F.3d at 1222 ("A court may *sua sponte* cure jurisdictional and venue defects by transferring a suit under the federal transfer statutes, 28 U.S.C. §§ 1406(a) and 1631, when it is in the interests of justice.").

## III.  Analysis.

"[T]he term 'venue' refers to the geographic specification of the proper court or courts for the litigation of a civil action . . . ." 28 U.S.C. § 1390(a). The proper venue for Plaintiff's action is in the "judicial district in which any defendant resides" or the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." *Id.* § 1391(b)(1), (2); *see*

*also Anaeme v. Florida*, 169 F. App'x 524, 527-28 (10th Cir. 2006) (applying the general venue statute, 28 U.S.C. § 1391(b), to the plaintiff's claims of constitutional violations made under 42 U.S.C. § 1983).

### A.      Venue lies in Northern District of Oklahoma.

"Oklahoma is divided into three judicial districts . . . known as the Northern, Eastern, and Western Districts of Oklahoma." 28 U.S.C. § 116. Plaintiff names Defendants residing in Pawnee County and claims the events giving rise to her claims occurred at the Pawnee County Jail. Doc. 1, at 4, 6-8, 9-13. Pawnee County lies within the territorial boundaries of the Northern District of Oklahoma. 28 U.S.C. § 116(a). So, venue lies in the Northern District of Oklahoma. *See id.* § 1391(b)(1).

### B.      Venue is proper in the Northern District of Oklahoma and a transfer to that District is in the interest of justice.

"The district court of a district in which is filed a case laying venue in the wrong . . . district shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Pawnee County and the Defendants reside there. So the Court finds a transfer to the Northern District, where the case could have been brought, is in the interest of justice.

## IV.    Recommendation and notice of right to object.

The undersigned recommends the Court transfer this action under 28 U.S.C. § 1406(a) to the United States District Court for the Northern District of Oklahoma.

The undersigned advises Plaintiff of her right to file an objection to this Report and Recommendation with the Clerk of Court **on or before January 8, 2024**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Plaintiff that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 18th day of December, 2023.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE